UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL PALMORE,
    Plaintiff,

v.                                          Case No. 8:22-cv-1158-KKM-CPT

J. ESTRADA and
J. WALKER,
    Defendants.
_____

## ORDER

Michael Palmore, a convicted and sentenced prisoner proceeding in forma pauperis, sues under 42 U.S.C. § 1983. A prior order identified deficiencies in Palmore's Amended Complaint and dismissed it without prejudice to filing a second amended complaint. (Doc. 8.) Palmore now proceeds on his Second Amended Complaint. (Doc. 11.)

Under 28 U.S.C. §§ 1915(e) and 1915(A), a district court is required both to review the complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. The Second Amended Complaint is entitled to a generous interpretation. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**I.  The Second Amended Complaint**

This action concerns a slip-and-fall at Zephyrhills Correctional Institution. Palmore alleges that, at approximately 12:00 p.m. on July 10, 2021, he informed Sgt. J. Estrada and Officer J. Walker that there was "a puddle of excessive water" in the hallway of his dormitory. (Doc. 11 at 7.) The puddle resulted from a leaking shower. (*Id.*) Estrada told Palmore that she "had more important things to do" than clean up the puddle; Walker "insisted that he did not have keys to open the utility closet to retrieve a mop and bucket." (*Id.*)

Palmore "observed the puddle growing larger," so he again asked Estrada to "open the utility closet." (*Id.* at 8.) This time, Estrada "ignored" Palmore. (*Id.*) Approximately forty-five minutes after he first spoke to Estrada and Walker, Palmore slipped and fell on the puddle, seriously injuring his leg. (*Id.* at 8–9.) Because he was "in severe pain" and "unable to move," Palmore asked another inmate to "call medical." (*Id.* at 9.) Shortly thereafter, Estrada "star[ed] at [Palmore] lying on the floor" and "began to advance sarcastic remarks [] at" him. (*Id.*)

Palmore seeks compensatory and punitive damages from Estrada and Walker, as well as a declaratory judgment stating that his constitutional rights were violated. (*Id.* at 6.)

## II. Analysis

Palmore asserts an Eighth Amendment conditions-of-confinement claim against Estrada and Walker based on their alleged failure to clean the puddle in the dormitory hallway. (*Id.* at 5, 10.) Palmore brought a substantively identical slip-and-fall claim in his Amended Complaint. (Doc. 4 at 3–4.) The Court dismissed the Amended Complaint, explaining that Palmore alleged a "quintessential negligence claim, which cannot support liability under the Eighth Amendment." (Doc. 8 at 3.) For the reasons explained below, the Second Amended Complaint suffers from the same deficiencies and is dismissed.

A conditions-of-confinement claim "requires a two-prong showing": (1) "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities'" and (2) "a subjective showing that the official had a 'sufficiently culpable state of mind.'"

2

*Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). With respect to the objective inquiry, a plaintiff "must at the very least show that a condition of his confinement 'pose[d] an unreasonable risk of serious damage to his future health' or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). With respect to the subjective inquiry, "a plaintiff must establish that the defendant (1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) acted with more than ***gross*** negligence." *Wade v. McDade*, 67 F.4th 1363, 1374 (11th Cir. 2023). "[S]imple negligence won't do; instead, the plaintiff must show 'subjective recklessness as used in the criminal law.'" *Swain v. Junior*, 961 F.3d 1276, 1285–86 (11th Cir. 2020) (quoting *Farmer*, 511 U.S. at 839–40).

As the Court previously explained to Palmore, run-of-the-mill "slip-and-fall accidents in prison facilities do not violate the Eighth Amendment." *Williams v. Peters*, No. 2:20-cv-680-RDP-HNJ, 2021 WL 6496553, at *4 (N.D. Ala. Dec. 22, 2021) (collecting cases), *adopted by* 2022 WL 130740 (N.D. Ala. Jan. 13, 2022). Slippery floors "constitute a daily risk faced by members of the public at large," so they do not ordinarily "pose an unreasonable risk of serious injury." *Pedraza v. Inch*, No. 3:20-cv-141-MMH-PDB, 2020 WL 871329, at *3 (M.D. Fla. Feb. 21, 2020). Palmore once again alleges only that he slipped and fell due to a puddle after warning two prison officials of the hazard who failed to respond "reasonably" to the excess water. (Doc. 11 at 10.) Even assuming a puddle of water in some circumstances could pose an unreasonable risk of serious harm, there are no facts alleged that show the Defendants were subjectively aware that the water posed a risk of serious harm or that they acted with criminal recklessness when they did not clean it up.

3

*Accord Goolsby v. Hill*, No. 5:17-cv-256-MTT-CHW, 2017 WL 5895138, at *3 (M.D. Ga. Nov. 29, 2017) (collecting cases) ("Thus, even when Defendants are aware that water has accumulated on the floor and fail to remedy the situation after being asked to, their actions amount to no more than negligence."). Far more is required than mere negligence to state a plausible claim for relief arising under the Eighth Amendment.

Accordingly, the Second Amended Complaint is dismissed for failure to state a claim. As noted above, the Court previously identified the deficiencies in Palmore's allegations and gave him an opportunity to amend. (Doc. 8 at 4.) Nevertheless, Palmore's allegations remain deficient, and there is no indication that he could allege facts showing that the defendants "acted with more than ***gross*** negligence." *Wade*, 67 F.4th at 1374. Thus, because further amendment would be futile, the Court declines to grant Palmore another opportunity to amend. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

### III.   Conclusion

Accordingly, it is **ORDERED** that:

1. Palmore's Second Amended Complaint (Doc. 11) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2. The **CLERK** is directed to enter **JUDGMENT** against Palmore, to terminate any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on July 5, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge